IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JONATHAN L. DOWNARD, CORPORATE INSURANCE SERVICES LLC, and THE BALTIC & MEDITERRANEAN COMPANY, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>VICKI SCHMIDT, in her official capacity as KANSAS COMMISSIONER OF INSURANCE,<br><br>    Defendant. | Case No. 21-CV-2030-JAR-ADM |

## MEMORANDUM AND ORDER

Plaintiffs Jonathan Downard, Corporate Insurance Services, LLC ("CIS"), and the Baltic & Mediterranean Company, LLC ("BMC") bring suit against Defendant Vicki Schmidt, in her official capacity as the Kansas Commissioner of Insurance ("Commissioner" or Schmidt). Plaintiffs assert that the Commissioner tortiously interfered with contracts between Plaintiffs and Physicians Standard Insurance Company ("PSIC"), an insurance company affiliated with Plaintiffs. This matter is now before the Court on the Commissioner's Motion to Dismiss (Doc. 5) under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The motion is fully briefed, and the Court is prepared to rule. For the reasons explained below, the Court grants the Commissioner's motion.

Plaintiffs also filed a Motion for Leave to File a Sur-Reply (Doc. 19) stating that the Commissioner asserted new arguments in her reply. The Commissioner disagrees with this contention but does not object to Plaintiffs' request. The Court grants Plaintiffs' motion and deems Plaintiffs' sur-reply filed as of the date their motion was filed. In addition, the Court has reviewed the arguments asserted therein.

I.   **Procedural Background and Factual Allegations**[1]

On May 8, 2019, the Commissioner filed an action against PSIC in the Shawnee County District Court for the seizure of PSIC and rehabilitation ("the first case").[2] PSIC was a Kansas corporation, and it was licensed to issue insurance policies to insureds in Kansas and Missouri. Downard was chief executive officer and general counsel of PSIC. Downard was also affiliated with both CIS and BMC.

Ultimately, PSIC was not rehabilitated, and a Liquidation Order was entered in the first case on December 1, 2019. The Liquidation Order declared PSIC insolvent and appointed the Commissioner as Liquidator who was to take possession of PSIC's assets and to administer such assets. On July 2, 2020, the Commissioner, in her capacity as the Liquidator of PSIC, filed a petition in the District Court of Shawnee County ("the second case"). She asserted fourteen claims against eight Defendants, including Plaintiffs and Missouri Professionals Mutual-Physicians Professional Indemnity Association; Hansen, Stierberger, Downard, Schroeder & Head LLC ("HSDSH"); J. Randy Snodgrass P.C.; James Randy Snodgrass; and Timothy Hayden Trout.

---

[1] The facts are taken from the Complaint. In addition, the Commissioner attached documents from a state case proceeding in Kansas, Case No. 2019-CV-000351, and a case proceeding in this Court, Case No. 20-2047-JAR-ADM. The Court takes judicial notice of these filings. The Court can consider such documents when deciding a motion to dismiss for lack of subject matter jurisdiction or failure to state a claim without converting it to one for summary judgment. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("[Courts may] take judicial notice of publicly-filed records in [its] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."); *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997) (explaining that courts may consider documents that are referenced in the complaint if they are central to the plaintiff's claim and the parties do not dispute their authenticity).

[2] Case No. 2019-CV-000351.

On August 25, 2020, Plaintiffs and HSDSH removed the second case to this Court.[3]  On September 21, 2020, Schmidt filed a motion to remand in that case.[4]  On September 22, 2020, the Downard parties and HSDSH filed an answer and a counterclaim for tortious interference against Schmidt, in her capacity as the liquidator of PSIC.  On October 16, 2020, the Downard parties and HSDSH dismissed their counterclaim without prejudice.

On January 19, 2021, Plaintiffs filed this lawsuit against Schmidt, in her official capacity as the Kansas Commissioner of Insurance, asserting tortious interference with contract claims.[5]  Plaintiffs claim that they each had a contract for services with PSIC.  They assert that the Commissioner intentionally and tortiously interfered with those contracts.

Downard claims that he previously approached the Commissioner in 2014 and 2017 about two independent mergers and received exemptions for those mergers and did not have to go through the approval process.[6]  In 2018, he contends that he approached the Commissioner to facilitate a similar merger of policy acquisition of PSIC's stock.  He asserts that the Commissioner did not follow the previous exemption process and required a capricious and rigorous process.  Plaintiffs claim that the Missouri Commissioner of Insurance and Missouri Department of Insurance had long-simmering disagreements with Downard and his father and contacted the Kansas Commissioner and encouraged the Commissioner to take action against Downard and affiliated entities.

---

[3] Case No. 20-4047.

[4] On June 21, 2021, the Court denied Schmidt's motion to remand but stayed the case until the first case (Case No. 2019-CV-000351) concluded in state court.  Doc. 40 in Case No. 20-4047.

[5] HSDSH is not a plaintiff in this case.  In addition, the four other defendants in the related case are not parties here.

[6] In 2014, the Kansas Commissioner of Insurance was Sandy Praeger.  In 2017, it was Ken Selzer.  And since 2019, it has been Schmidt.

While evaluating the policy acquisition of PSIC's stock, the Commissioner reviewed contracts between Plaintiffs and PSIC, under which Plaintiffs agreed to provide certain services for compensation to PSIC. Plaintiffs assert that the Commissioner and her staff interfered with, and subsequently ended, the contracts between Plaintiffs and PSIC by seizing upon supposed problems with PSIC. Specifically, they allege that the Commissioner obtained a seizure order against PSIC in May 2019 and prohibited PSIC from renewing its reinsurance policies.[7] Plaintiffs allege that the Commissioner's seizure caused PSIC to fail as a viable company and resulted in PCIS being unable to make contractual payments to Downard, CIS, and BMC.

Schmidt has now filed a motion to dismiss asserting that the Court must dismiss the action because it is barred by the Eleventh Amendment to the U.S. Constitution. In addition, Schmidt argues that Plaintiffs' claims are barred under the Kansas Tort Claims Act ("KTCA") and under the *Rooker-Feldman* doctrine. Plaintiffs disagree and contend that the suit can go forward.

**II.    Legal Standard**

The Commissioner moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. When a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the Court must decide first the 12(b)(1) motion because the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction.[8]

---

[7] The "seizure order" was issued in the state case, Case No. 2019-CV-000351, after the Commissioner filed the petition.

[8] *S. Furniture Leasing, Inc. v. YRC, Inc.*, 423 F. Supp. 3d 1163, 1168 (D. Kan. 2019).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."[9] Federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States or where there is diversity of citizenship.[10] "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[11] The burden of establishing a federal court's subject matter jurisdiction falls upon the party asserting that jurisdiction exists.[12] A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) takes one of two forms: a facial attack or a factual attack.[13] A "facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint."[14] "A factual attack goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction."[15] Here, the Commissioner questions the sufficiency of the allegations and is bringing a facial attack.

The Commissioner also moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[16]

---

[9] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (first citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); and then citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

[10] 28 U.S.C. § 1331 (federal question); *id*. § 1332 (diversity of citizenship).

[11] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citing *Bradbury v. Dennis*, 310 F.2d 73 (10th Cir. 1962)).

[12] *Id*. (citing *Becker v. Angle*, 165 F.2d 140 (10th Cir. 1947)).

[13] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425 (2001).

[14] *Id*. at 1002 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

[15] *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020) (citations omitted).

[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235–36 (3d ed. 2004)).

and must include "enough facts to state a claim to relief that is plausible on its face."[17] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[18] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but it requires more than "a sheer possibility."[19]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[20] Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[21]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the Court "must take all of the factual allegations in the complaint as true, [but it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[22] Thus, the Court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[23] Second, the Court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[24]  "A claim has facial plausibility when the plaintiff pleads factual

---

[17] *Id*. at 570.

[18] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[20] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[21] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[22] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[23] *Id.* at 678–79.

[24] *Id*. at 679.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25]

### III. Discussion

The Commissioner first asserts that the Court lacks subject matter jurisdiction because Plaintiffs' claims are barred by the Eleventh Amendment. She claims that, as the Commissioner of Insurance for the State of Kansas, the suit is really against Kansas. Thus, she contends Plaintiffs' suit cannot proceed.

"The [E]leventh [A]mendment generally bars lawsuits in federal court seeking damages against states as well as against state agencies, departments, and employees acting in their official capacity."[26] "[O]nce effectively asserted[,] [Eleventh Amendment] immunity constitutes a bar to the exercise of federal subject matter jurisdiction."[27] Because it is a jurisdictional bar, Eleventh Amendment immunity is appropriately asserted under Rule 12(b)(1).[28]

Eleventh Amendment immunity is not absolute as there are three exceptions.[29] "First, a state may consent to suit in federal court."[30] Second, Congress may abrogate a state's sovereign immunity under Section 5 of the Fourteenth Amendment.[31] Third, "a plaintiff may bring suit

---

[25] *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

[26] *Bishop v. John Doe 1*, 902 F.2d 809, 810 (10th Cir. 1990) (citing *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982)).

[27] *Fent v. Okla. Water Res. Bd.,* 235 F.3d 553, 559 (10th Cir. 2000) (original emphasis omitted).

[28] *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) ("[A]n assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court."); *see also Winter v. Mansfield*, No. 19-3236-HLT-TJJ, 2021 WL 4354617, at *2 (D. Kan. Aug. 27, 2021) (citing *Ruiz*, 299 F.3d at 1180; then citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)).

[29] *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012).

[30] *Id.*

[31] *Id.*

against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief."[32]

Plaintiffs assert that the Commissioner is not entitled to Eleventh Amendment immunity because the KTCA provides consent to suit. Plaintiffs, however, fail to mention that the KTCA also contains a provision that specifically provides: "Nothing in this section or in the Kansas tort claims act shall be construed as a waiver by the state of Kansas of immunity from suit under the 11th amendment to the constitution of the United States."[33] Although "the KTCA waives Kansas state immunity under some situations, it has not waived the state's Eleventh Amendment immunity from suit in federal court."[34] Furthermore, the Eleventh Amendment "protects not only states, but also state agencies and state officials sued in their official capacities."[35] Because Plaintiffs brings suit against Schmidt, in her official capacity, as the Kansas Commissioner of Insurance,[36] the Eleventh Amendment bars Plaintiffs' suit. Thus, the Court finds that jurisdiction

---

[32] *Id.* (first citing *Ex parte Young*, 209 U.S. 123 (1908); and then citing *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.,* 535 U.S. 635, 646 (2002)).

[33] K.S.A. § 75-6116(g).

[34] *Damnjanovic v. Saint Francis Ministries, Inc.*, No. 19-1104-EFM, 2019 WL 4536301, at *2 (D. Kan. Sept. 19, 2019) (citing K.S.A. § 75-6116(g)); *see also Jones v. Courtney*, 466 F. App'x 696, 700 (10th Cir. 2012) (noting that Kansas had consented to suit for damages under the KTCA but that "the KTCA is not a waiver of *Eleventh Amendment* immunity . . . because the statute tells us so, and several decisions from the federal district court in Kansas reach the same conclusion" (citing *Fox v. Wichita State Univ.*, 489 F. Supp. 2d 1216, 1233 (D. Kan. 2007))); *Klein v. Univ. of Kan. Med. Ctr.*, 975 F. Supp. 1408, 1416 (D. Kan. 1997) (same); *Ndefru v. Kansas State Univ.*, 841 F. Supp. 54, 55–56 (D. Kan. 1993) (same); *Billings v. Wichita State Univ.*, 557 F. Supp. 1348, 1351 (D. Kan. 1983) (same)).

[35] *Winter v. Mansfield*, No. 19-3236-HLT-TJJ, 2021 WL 4354617, at *2 (D. Kan. Aug. 27, 2021) (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)); *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). "An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 165–66 (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)).

[36] The Kansas Commissioner of Insurance is an officer of the State of Kansas. *See* K.S.A. § 40-102 *et seq.*; *see also Hamrick v. Farmer All. Mut. Ins. Co.*, No. 03-4202-JAR, 2004 WL 955273, at *7 (D. Kan. Apr. 27, 2004) (finding that the Court lacked jurisdiction over an official capacity suit against the Kansas Commissioner of Insurance due to Eleventh Amendment immunity).

is lacking, and it will not consider the Commissioner's other grounds for dismissal. The Court dismisses the case without prejudice for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 5) is **granted**. This case is dismissed without prejudice for lack of jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File a Sur-Reply (Doc. 19) is **granted**, and the Court deems Plaintiffs' sur-reply filed as of the date their motion for leave was filed.

**IT IS SO ORDERED.**

Dated: October 29, 2021

                                                  S/ Julie A. Robinson
                                                 JULIE A. ROBINSON
                                                 CHIEF UNITED STATES DISTRICT JUDGE